# EXHIBIT 1

## IN THE CIRCUIT COURT OF THE 7th JUDICIAL CIRCUIT IN AND FOR VOLUSIA COUNTY, FLORIDA

CASE NO 2023 11148 CIDL

KLEVA BALLIU, INDIVIDUALLY
AND ON BEHALF OF ALL
OTHERS SIMILARLY SITUATED,       CLASS REPRESENTATION

       Plaintiff,       JURY TRIAL DEMANDED

      v.

AP OF SOUTH FLORIDA, LLC.

       Defendant.

_____/

### FIRST AMENDED CLASS ACTION COMPLAINT[1]

Plaintiff Kleva Balliu brings this class action against Defendant AP of South Florida, LLC and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

### NATURE OF THE ACTION

1.      This is a putative class action under the 47 U.S.C. § 227 *et seq*., the Telephone Consumer Protection Act ("TCPA").

2.      To promote its business, Defendant sends prerecorded voice messages to the cellular telephones of consumers without consent to do so and in violation of the National Do Not Call Registry.

---

1.  The Complaint is being amended to replace Defendant FIA Liquidation Company, Inc. with AP of South Florida, LLC, based on information received from the Defendant. Defendant consents to the filing of this Amended Complaint without any waiver of its rights or defenses.

1

3.      Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals. Plaintiff also seeks statutory damages on behalf of himself and Class Members, as defined below, and any other available legal or equitable remedies resulting from the unlawful actions of Defendant.

4.      Plaintiff is, and at all times relevant hereto was, an individual and a "person" as defined by 47 U.S.C. § 153(39), a citizen of Florida.

5.      Defendant is, and at all times relevant hereto was, a Florida corporation and a "person" as defined by 47 U.S.C. § 153(39) that maintains its primary place of business and is headquartered in Orlando, Florida. Defendant directs, markets, and provides business activities throughout the State of Florida.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction pursuant to Florida Rule of Civil Procedure 1.220 and Fla. Stat. § 26.012(2). The matter in controversy exceeds the sum or value of $30,000 exclusive of interest, costs, and attorney's fees.

7.      Defendant is subject to general jurisdiction in Florida because this suit arises out of and relates to Defendant's significant contacts with this State and Defendant is located in Palm City, Florida.

8.      Venue for this action is proper in this Court.

## THE TELEPHONE CONSUMER PROTECTION ACT

9.      The TCPA prohibits: (1) any person from calling a telephone number; (2) using a prerecorded message; (3) without the recipient's prior express consent. 47 U.S.C. § 227(b)(1)(A).

10.     The TCPA exists to prevent communications like the ones described within this

2

Complaint. *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

11.    In an action under the TCPA, a plaintiff must show only that the defendant "called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded voice." *Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), *aff'd*, 755 F.3d 1265 (11th Cir. 2014).

12.    The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the TCPA. According to the FCC's findings, calls in violation of the TCPA are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

13.    A defendant must demonstrate that it obtained the plaintiff's prior express consent. *See In the Matter of Rules and Regulaions Implementing the Tel. Consumer Prot. Act of 1991*, 30 FCC Rcd. 7961, 7991-92 (2015) (requiring express consent "for non-telemarketing and non-advertising calls").

## **FACTS**

14.    On or about March 17, 2023, March 14, 2023, March 3, 2023, March 21, 2023 and March 28, 2023, Defendant called Plaintiff's cellular telephone number ending in 8565 (the "8565 Number") sending her prerecorded voice messages from 817-508-6942, 219-244-0107, 954-302-7738 and 772-222-2110.

15.    When Plaintiff listened to the prerecorded message, she was easily able to determine that it was prerecorded. *Rahn v. Bank of Am.*, No. 1:15-CV-4485-ODE-JSA, 2016 U.S. Dist. LEXIS 186171, at *10-11 (N.D. Ga. June 23, 2016) ("When one receives a call, it is a clear-cut fact, easily discernible to any lay person, whether or not the recipient is speaking to a live

humanbeing, or is instead being subjected to a prerecorded message.").

16. Defendant's prerecorded voice calls constitutes telemarketing because the purpose of the messages was to encourage Plaintiff to obtain Defendant's goods, property and/or services.

17. Upon information and belief, Defendant caused other prerecorded messages to be sent to individuals residing within this judicial circuit.

18. Plaintiff never gave Defendant her prior express written consent to call her on her cellular telephone utilizing a prerecorded marketing voice message.

19. Plaintiff is the sole user and/or subscriber of the 8565 Number.

20. Plaintiff is the regular user of the telephone number that received the above telephonic sales calls.

21. Plaintiff utilizes her cellular telephone number for personal purposes and the number is Plaintiff's residential telephone line.  In other words, Plaintiff's cellular telephone is Plaintiff's home telephone number and Plaintiff makes and receives personal calls on her cellular telephone. Moreover, Plaintiff's cellular telephone is the primary means of reaching Plaintiff at her residence.

22. Plaintiff registered her cellular telephone number on the National Do-Not-Call Registry in 2015 and the number was listed on the registry for over 30 days prior to Defendant's first text message solicitation.

23. Plaintiff was in Florida when Plaintiff received the above text message calls, and Defendant's violative conduct occurred in substantial part in Florida.

24. Defendant's unsolicited prerecorded message call spam caused Plaintiff and the Class members harm, including violations of their statutory rights, trespass, annoyance, nuisance, invasion of their privacy, occupation of storage device and memory and intrusion upon seclusion.

4

## CLASS ALLEGATIONS

### PROPOSED CLASS

25.    Plaintiff brings this lawsuit as a class action on behalf of himself individually and on behalf of all other similarly situated persons as a class action pursuant to Florida Rule of Civil Procedure 1.220(b)(2) and (b)(3). The "Class" that Plaintiff seeks to represent is comprised of class and defined as:

> **Prerecorded Call Class: All persons within the United States who, within the four years prior to the filing of this Complaint, received a prerecorded voice call on their telephone from Defendant or anyone onDefendant's behalf, promoting and/or advertising Defendant's goods and/or services.**
>
> **DNC Class: All persons in the United States who from four years prior to the filing of this action through the date of class certification (1) Defendant, or anyone on Defendant's behalf, (2) placed more than one prerecorded voice call, phone call or text message within any 12-month period; (3) where the person's telephone number that had been listed on the National Do Not Call Registry for at least thirty days; (4) regarding Defendant's property, goods, and/or services; (5) who did not purchase or transact business with Defendant during the eighteen months immediately preceding the date of the first message; and (6) who did not contact Defendant during the three months immediately preceding the date of the first message with an inquiry about a product, good, or service offered by Defendant.**

26.    Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class but believes the Class members number in the several thousands, if not more.

### NUMEROSITY

27.    Upon information and belief, Defendant has placed prerecorded calls to telephone numbers belonging to thousands of consumers throughout the United States without their prior express consent. The members of the Class, therefore, are believed to be so numerous that joinder

5

of all members is impracticable.

28.    The exact number and identities of the Class members are unknown at this time and can be ascertained only through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

**COMMON QUESTIONS OF LAW AND FACT**

29.    There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are: [1] Whether Defendant made non-emergency calls to Plaintiff and Class members' telephones using a prerecorded message; [2] Whether Defendant can meet its burden of showing that it had express written consent to make such calls; [3] Whether Defendant's conduct was knowing and willful; [4] Whether Defendant is liable for damages, and the amount of such damages; and [5] Whether Defendant should be enjoined from such conduct in the future.

30.    The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits prerecorded calls to telephone numbers, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

31.    Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

32.    Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

6

**SUPERIORITY**

33.    A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

34.    The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**COUNT I**
**VIOLATION OF 47 U.S.C. § 227(b) & 47 C.F.R. § 64.1200**
*Individually and on behalf of the Prerecorded Call Class*

35.    Plaintiff re-alleges and incorporates the foregoing as if fully set forth herein.

36.    It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any …artificial or prerecorded voice to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

37.    It is a violation of the TCPA regulations promulgated by the FCC to "initiate any telephone call…using an… artificial or prerecorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common

carrier service, or any service for which the called party is charged for the call." 47 C.F.R. § 64.1200(a)(1)(iii).

38.    It is a violation of the TCPA regulations promulgated by the FCC to "initiate any telephone call to any residential line using an artificial or prerecorded voice to deliver a message without the prior express written consent of the called party". 47 C.F.R. § 64.1200(a)(3).

39.    It is a violation of the TCPA to "initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party…." 47 U.S.C. § 227(b)(1)(B).

40.    Additionally, it is a violation of the TCPA regulations promulgated by the FCC to "[i]nitiate, or cause to be initiated, any telephone call that includes or introduces an advertisement or constitutes telemarketing, …artificial or prerecorded voice …other than a call made with the prior express written consent of the called party or the prior express consent of the called party when the call is made…" 47 C.F.R. § 64.1200(a)(2).

41.    Defendant used prerecorded messages to make non-emergency telephone calls to the telephones of Plaintiff and other members of the Class.

42.    Defendant did not have prior express written consent to call the cell phones of Plaintiff and the other members of the putative Class when its calls were made and/or failed to honor opt-out requests regarding its prerecorded solicitations.

43.    Defendant has, therefore, violated §§ 227(b) and §§ 64.1200(a) by using an prerecorded messages to make non-emergency telephone calls to the telephones of Plaintiff and the other members of the putative Class without their consent.

44.    Defendant knew that it did not have consent to make these calls, and knew or should have known that it was using prerecorded messages. The violations were therefore willful or knowing.

8

45.    As a result of Defendant's conduct and pursuant to § 227(b) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the members of the Class are also entitled to an injunction against future calls. *Id.*

## COUNT II
## <u>VIOLATIONS OF 47 U.S.C. § 227(c) AND 64.1200(c)</u>
### (On Behalf of Plaintiff and the DNC Class)

46.    Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1 through 34 as if fully set forth herein.

47.    The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides in pertinent part that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

48.    Per 47 C.F.R. § 64.1200(e), § 64.1200(c) is "applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

49.    Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

50.    Defendant violated 47 C.F.R. § 64.1200(c) by initiating telephone solicitations to telephone subscribers such as Plaintiff and the DNC Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

9

51.     Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and DNC Class members received more than one text message in a 12-month period from Defendant in violation of 47 C.F.R. § 64.1200.

52.     As a result of Defendant's conduct as alleged herein, Plaintiff and the DNC Class members suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the DNC Class.

**WHEREFORE**, Plaintiff on behalf of herself and the other members of the Class, pray for the following relief:

a.   A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227 and § 64.1200;

b.   An order certifying the Class and appointing Plaintiff as Class Representative and his counsel as Class Counsel;

c.   An injunction prohibiting Defendant from using an artificial or prerecorded voice to contact telephone numbers without the prior express permission of the called party;

d.   An injunction requiring Defendant to comply with 47 C.F.R. § 64.1200(d) by (1) maintaining the required written policies; (2) providing training to their personnel engaged in telemarketing; and (3) maintaining a do-not-call list

e.   An award of actual and statutory damages; and

f.   Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff, individually and on behalf of the Class, hereby demand a trial by jury.

10

Case 6:23-cv-01023-WWB-DCI    Document 1-1    Filed 06/01/23    Page 12 of 12 PageID 19

**<ins>DOCUMENT PRESERVATION DEMAND</ins>**

Plaintiff demands that Defendant takes affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with Defendant and the communication or transmittal of the calls as alleged herein. Specifically, Defendant should immediately obtain and preserve any prerecorded audio messages used and all call records showing the number of prerecorded audio messages sent and who those prerecorded audio messages were sent to.

DATED: May 11, 2023

Respectfully submitted,

**HIRALDO P.A.**

/s/ *Manuel S. Hiraldo*
Manuel S. Hiraldo, Esq.
Florida Bar No. 030380
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301
mhiraldo@hiraldolaw.com
(t) 954.400.4713

**EISENBAND LAW, P.A.**
*/s/Michael Eisenband*
Michael Eisenband
Florida Bar No. 94235
515 E Las Olas Blvd, Ste. 120
Fort Lauderdale, FL 33301
Email: meisenband@eisenbandlaw.com
Telephone:954-533-4092

11